United States District Court
Southern District of Texas
**ENTERED**
May 22, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBIN DOUGLAS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. H-18-4168 |
| § | |
| RUTH ZABRANSKY, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] is Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. 3). For the reasons stated below, it is **RECOMMENDED** that the motion be **GRANTED**.

### I.  Case Background

On October 8, 2018, Plaintiff, proceeding pro se, filed suit against her former supervisor, Zabransky, alleging that Zabransky improperly accessed Plaintiff's medical records.[2] Zabransky, a federal employee of the United States Department of Veterans Affairs, removed this action from Justice Court, Precinct 5, Place 2, to this court on November 2, 2018, pursuant to 28 U.S.C. § 1442(a)(1).[3]

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 4, Ord. Dated Dec. 14, 2018.

[2] See Doc. 1-5, Small Claims Petition pp. 1, 3. Therein, Plaintiff complained that her "private info was looked at." Id.

[3] See Doc. 1, Not. of Removal.

Pending before the court is Defendant's motion to dismiss. Plaintiff has not responded to this motion.

## II.  Dismissal Standard

Rule 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted.  The court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts.  Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 803 n.44 (5th Cir. 2011)(quoting True v. Robles, 571 F.3d 412, 417 (5th Cir. 2009)).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. 678.  A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at 555.  In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. 678.

## III.  Analysis

2

In Zabransky's motion to dismiss, she argues that Plaintiff failed to state a claim upon which relief can be granted based on the lack of factual allegations in the petition. Zabransky alternatively argues that if Plaintiff is suing under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, or the Rehabilitation Act, she has sued the wrong party and also has failed to exhaust her administrative remedies.

The court agrees that Plaintiff has failed to state a claim for relief. It is unclear from Plaintiff's complaint if Plaintiff is making a Privacy Act claim, a wrongful termination claim, or some other tort claim. The court will not speculate about the statutory or common-law bases for Plaintiff's claims; it is incumbent on Plaintiff to affirmatively allege the statute, if any, that prohibited Zabransky's access to Plaintiff's medical records.

### IV.  Conclusion

It is therefore **RECOMMENDED** that Defendant's Motion to Dismiss (Doc. 3) be **GRANTED** and that Plaintiff be **ORDERED** to file an amended complaint that states the statutory bases for her claims, the facts supporting her claims, and whether she has exhausted any administrative remedies available to her within twenty (20) days from the date this Memorandum and Recommendation is adopted.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto

pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 22nd day of May, 2019.

Nancy K. Johnson
United States Magistrate Judge