United States District Court
Southern District of Texas

**ENTERED**

July 18, 2019

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ROBIN DOUGLAS, §
§
    Plaintiff, §
§
v. § Civil Action No. H-18-4168
§
RUTH ZABRANSKY, §
§
    Defendant. §

**<u>MEMORANDUM AND RECOMMENDATION</u>**

Pending before the court[1] is Defendant's oral motion to dismiss this action for want of prosecution. For the reasons stated below, it is **RECOMMENDED** that the motion be **GRANTED**.

## I. Case Background

On October 8, 2018, Plaintiff, proceeding pro se, filed suit against her former supervisor, Zabransky, alleging that Zabransky improperly accessed Plaintiff's medical records.[2] Zabransky, a federal employee of the United States Department of Veterans Affairs, removed this action from Justice Court, Precinct 5, Place 2, to this court on November 2, 2018, pursuant to 28 U.S.C. § 1442(a)(1).[3]

On December 10, 2018, Defendant filed a motion to dismiss,

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. <u>See</u> Doc. 4, Ord. Dated Dec. 14, 2018.

[2] <u>See</u> Doc. 1-5, Small Claims Petition pp. 1, 3. Therein, Plaintiff complained that her "private info was looked at." <u>Id.</u>

[3] <u>See</u> Doc. 1, Not. of Removal.

arguing that Plaintiff failed to state a claim for relief.[4] Plaintiff failed to respond to this motion.  On May 22, 2019, the court entered its Memorandum and Recommendation, recommending that the action be dismissed based on Plaintiff's failure to adequately plead facts and the statutory bases for her claims.[5]  The court further recommended that Plaintiff be ordered to file an amended complaint that complied with the pleading requirements of the Federal Rules of Civil Procedure.[6]  Plaintiff failed to object or respond in any way to the court's Memorandum and Recommendation.

On June 13, 2019, the court adopted the Memorandum and Recommendation granting the motion to dismiss and ordered Plaintiff to file an amended complaint within twenty days of the order.[7]

Plaintiff failed to file an amended complaint as ordered.

On July 5, 2019, the court set a scheduling conference for July 18, 2019.[8]  Plaintiff failed to appear at the scheduling conference.  Defendant orally moved that the case be dismissed for want of prosecution.

## II.  Dismissal Standard

Pursuant to Federal Rule of Civil Procedure 41(b), a court may dismiss an action if a plaintiff fails to prosecute her action.

---

[4]     See Doc. 3, Def.'s Mot. to Dismiss.

[5]     See Doc. 7, Mem. & Rec. p.3.

[6]     See id.

[7]     See Doc. 8, Ord. Dated June 13, 2019.

[8]     See Doc. 9, Notice of Setting.

The Fifth Circuit has cautioned that a court's power to dismiss for want of prosecution should be used sparingly, and may be exercised sua sponte whenever necessary for to achieve the orderly and expeditious disposition of cases.  Ramsey v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

### III.  Analysis

Plaintiff has failed to take any action to advance this suit since this case was removed to federal court.  She failed to respond to Defendant's motion to dismiss, failed to object to the court's Memorandum and Recommendation and failed to comply with the court's order to file an amended complaint.  Today, she failed to attend the scheduling conference.  It appears that Plaintiff has abandoned her suit.

### IV.  Conclusion

It is therefore **RECOMMENDED** that Defendant's oral motion to dismiss be **GRANTED** and that a final order of dismissal be entered.


The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the

United States District Clerk electronically.   Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 18th day of July, 2019.

Nancy K. Johnson
United States Magistrate Judge